The decision below is signed as a decision of

the court.

Signed: October 11, 2007.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAMES F. JOHNSON, | ) | Case No. 07-00465 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

<u>DECISION RE DISMISSAL OF CASE</u>

The chapter 13 trustee has moved to dismiss this case based

the debtor's failure to obtain credit counseling as required by

11 U.S.C. § 109(h).

I

On Exhibit D to his petition, the debtor checked multiple

boxes, certifying:

- first, that he had received the required credit
  counseling but did not yet have the certificate,

- second, that he requested credit counseling services,
  but was unable to obtain them within five days of the
  making of the request, and,

- third, that he has a disability that ought to excuse
  him from the credit counseling requirement.

Plainly Exhibit D is deficient by reason of making inconsistent certifications, and the debtor's failure to correct Exhibit D after being given notice to do so would justify dismissal of the case.  In any event, each of the certifications separately is procedurally deficient and substantively incorrect:

- As to the first certification, no certificate has been filed within 15 days after the filing of the petition as required by Exhibit D, and the debtor's later filings can be read as acknowledging that he did not obtain credit counseling.

- No motion accompanied either the second or third certification as required by Exhibit D, and, as discussed below, the debtor has failed to set forth facts establishing the existence of the circumstances described by those certifications.

II

That the certifications can be rejected on either procedural or substantive grounds is explained more fully below.

A.

In his opposition to the motion to dismiss, the debtor appears to acknowledge that he has not obtained the required credit counseling, thus demonstrating that the first certification of a reason for not having filed a credit

counseling certificate can be disregarded.  In any event, no such
certificate has been timely filed if one was issued.  Exhibit D
requires filing of the certificate within 15 days after the
filing of the petition.

B.

As to the other two certifications, the first one under §
109(h)(3) and the second one under § 109(h)(4), Exhibit D plainly
states that each such certification must be accompanied by a
motion for a determination by the court.  No such motion was
filed, and the trustee's motion to dismiss can be granted on that
basis.  In any event, the debtor's opposition to the motion to
dismiss also demonstrates that a motion by the debtor to be
excused from filing a credit counseling certificate would not
succeed.

1.  § 109(h)(3)(A)

Regarding the certification that the debtor requested credit
counseling but was unable to obtain such within five days of the
request (the subject of § 109(h)(3)(A)), the debtor now appears
to concede that he made no such request.  The debtor's opposition
to the motion to dismiss states, instead, that he is incarcerated
in the federal prison system, and that "federal prisoners are not
privilege to the items required by 11 U.S.C. 521(b)(1) or 11
U.S.C. 109 services."  This does not suffice to state a basis for
exempting the debtor from the credit counseling requirement

pursuant to § 109(h)(3)(A).  The statute requires that "the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency," and does not provide an exemption from that requirement based on being incarcerated.  As indicated by § 109(h)(1), the required credit counseling can be conducted via telephone, and the debtor does not allege that he has no access to a telephone while in prison. Moreover, even if he does not have such access, or cannot afford to use a telephone, the statute does not provide an exemption based on that circumstance.

2.  <u>§ 109(h)(4)</u>

With respect to the certification that the debtor has a disability that ought to excuse him from the credit counseling requirement, the statute (§ 109(h)(4)) defines "disability" to mean "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." The debtor does not state facts demonstrating that he is so physically impaired that he would be unable to participate in a telephone briefing.  The debtor does not contend that he is denied physical access to a telephone.  In any event, the statute obviously has in mind the physical condition of the debtor's body and whether that condition makes the debtor unable to participate in a briefing by appearing in person, using the Internet, or

4

using a telephone.  That a debtor is denied freedom to
participate in person, utilize the Internet, or employ a
telephone does not amount to a "physical impairment."

### III

Beyond the debtor's failure to comply with § 109(h), his
request for a waiver of the filing fee states that he currently
earns no income.  Moreover, he has not filed a creditor matrix.
The lack of income demonstrates that the debtor is unable to pay
the filing fee in installments and that he is not eligible for
chapter 13 relief because he is not "an individual with regular
income" as required by 11 U.S.C. § 109(e) and as defined in 11
U.S.C. § 101(30).  His failure to file a mailing matrix may arise
from his incarceration, but a bankruptcy case cannot proceed if
the debtor cannot even manage to file a mailing matrix.

### IV

In light of the foregoing, I will grant the trustee's motion
to dismiss the case.

[Signed and dated above.]

Copies to: Debtor; Chapter 13 Trustee.

5